IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USHANGO OWENS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 08-157-JJF |
| | : |
| UNITED STATES OF AMERICA, | : |
| BANKRUPT LEGAL FICTION | : |
| a/k/a ALTER EGO OF THE | : |
| INTERNATIONAL MONETARY FUND, | : |
| and INTERNAL REVENUE SERVICE, | : |
| | : |
| Defendants. | : |

Ushango Owens, Pro se Plaintiff.  Howard R. Young Correctional Institution, Wilmington, Delaware

**MEMORANDUM OPINION**

July 1, 2008
Wilmington, Delaware

**Farnan,** *[signature]* **District Judge**

Plaintiff Ushango Owens ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 6.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   BACKGROUND**

Plaintiff alleges that non-resident aliens are not required to pay taxes and are exempt from all United States laws and regulations. He alleges that Internal Revenue Service agents routinely tamper with federal grand juries, bribe U.S. Attorneys, federal judges, and the Office of the President, and that the foregoing actions resulted in requiring non-resident aliens to pay taxes. Plaintiff alleges he was not aware of the foregoing and, consequently, he reported earned income. He seeks injunctive relief and return of tax payments alleged due him.

**II.  STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil

action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

4

### III. ANALYSIS

The Complaint does not contain a cognizable claim for relief. Additionally, Plaintiff fails to allege that he has satisfied the jurisdictional conditions precedent for the waiver of sovereign immunity as to any claim against the Internal Revenue Service.

It is well established that an action against the United States, which includes the International Monetary Fund and the Internal Revenue Service, cannot be maintained unless the United States waives its sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980); Loughran v. United States, 317 F.2d 896, 898 (D.C. Cir. 1963)(International Monetary Fund is immune from judicial process); Flora v. United States, 357 U.S. 63, 68 (1958), aff'd on reh'g, 362 U.S. 145 (1960) (government has waived its sovereign immunity for the purposes of tax refund suits pursuant to 28 U.S.C. § 1346(a)(1), but has attached conditions to it which much first be met: the taxpayer must fully pay the tax assessment, including interest and penalties and then timely file a claim for a refund with the Internal Revenue Service.).

Accordingly, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

**IV.  CONCLUSION**

For the above reasons, the Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Further, the Court concludes that amendment of the Complaint would be futile.  An appropriate Order will be entered.